

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. H. Cavness
State Auditor
Austin, Texas

Dear Mr. Cavness:

Opinion No. O-4829

Re: Qualifications to be possessed
by First Assistant State Auditor
under Senate Bill 27, 48th Legisla-
ture, Regular Session.

We have your letter of recent date requesting the opinion of this department upon the following question:

"Under Senate Bill No. 27, 48th Legislature, must the First Assistant State Auditor have the same qualifications as those provided in the law for the State Auditor?"

Section 4 of the Act referred to sets forth in detail the qualifications to be possessed by the State Auditor. This Section provides:

"The person appointed State Auditor shall have had at least five years' experience as a certified public accountant immediately preced-ing his appointment, and he shall be a man of unquestioned integrity and moral character and who has had sufficient experience in business and finance to properly discharge the functions of the office. He shall have been a citizen and resident of Texas for at least five years immediately preceding his appointment. He shall qualify by taking the constitutional oath of office and executing a bond to be approved by the appointing power, payable to the Governor of the State of Texas and his successors in office, in the sum of Twenty-five Thousand ($25,000) Dollars, conditioned upon the faith-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

ful discharge of the duties of his office, with
a solvent surety company as surety. The pre-
mium to the surety company for the execution of
such bond shall be paid by the State."

Section 11 of the Act provides in part as follows:

"The First Assistant State Auditor shall
perform such duties and assignments as the
State Auditor may prescribe, and shall act as
State Auditor in the absence of the State
Auditor. All such assistant auditors and
stenographic and clerical assistants shall be
named and appointed by the State Auditor. ..."

Section 12 provides in part as follows:

"The State Auditor shall be free to
select the most efficient personnel available
for each and every position in his office, to
the end that he may render to the members of
the Legislature that service which they have
a right to expect. .... . The State Auditor
is hereby authorized to conduct such profes-
sional examinations as he may deem expedient
in determining the qualifications of the per-
sons whom he contemplates placing on his staff."

Section 13 of the Act provides in part:

"The State Auditor may remove or discharge
any assistant auditor or any stenographic or
clerical assistants at any time and for any
reasons satisfactory to himself and without a
hearing."

The above-quoted portions of the Act constitute all
that we find in the Act bearing upon the First Assistant State
Auditor and the other assistant auditors in the State Auditor's
employ. It will be observed that the Legislature has not seen
fit to prescribe the qualifications to be possessed by the
First Assistant State Auditor, or by any other assistant audi-
tor. Therefore, the State Auditor is free to determine the
qualifications he will require of those whom he employs.

That the law provides that the First Assistant State
Auditor shall act as State Auditor in the absence of the State
Auditor does not militate against the conclusion expressed
above. His power and duty to act as State Auditor in the ab-

Honorable C. H. Cavness - page 3

sence of the State Auditor is derived from his occupancy of position of First Assistant State Auditor, te which office or place the Legislature has attached the authority to act as State Auditor in the absence of the State Auditor. While acting as State Auditor in the absence of the State Auditor, the First Assistant does not hold the office of State Auditor, but is merely empowered as First Assistant State Auditor to exercise pro tem the powers and duties attached to the principal office. Pfeffer v. Mahnke, 260 S. W. 1031.

Very truly yours

ATTORNEY GENERAL OF TEXAS

R. W. Fairchild
Assistant

APPROVED AUG 21, 1943 BY

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

RWF-MR